IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**JAMES E. JURAK,**
**Claimant Below, Petitioner**

**FILED**
**July 1, 2024**
ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**v.) No. 24-ICA-36**   (JCN: 2022010630)

**CUSTOM SMILES, INC.,**
**Employer Below, Respondent**

### MEMORANDUM DECISION

Petitioner James E. Jurak appeals the December 27, 2023, order of the Workers' Compensation Board of Review ("Board"). Respondent Custom Smiles, Inc., ("CS") filed a response.[1] Mr. Jurak did not reply. The issue on appeal is whether the Board erred in affirming the claim administrator's order, which denied authorization for bilateral sacroiliac ("SI") joint injections.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On November 19, 2021, while employed by CS, Mr. Jurak suffered injuries to his lower back and left shoulder.[2] Mr. Jurak underwent an MRI of the lumbar spine on January 19, 2022, revealing generalized canal stenosis throughout and focal disc protrusion, central and left paracentral, L4-L5 causing severe central canal stenosis.

Mr. Jurak was seen at West Virginia OrthoNeuro on March 1, 2022, for thoracic and lumbar back pain. Mr. Jurak reported numbness, tingling, and weakness of the lower extremities and lower back. On March 4, 2022, Mr. Jurak was seen by Lana Christiano,

---

[1] Mr. Jurak is represented by Patrick K. Maroney, Esq. CS is represented by Steven K. Wellman, Esq., and James W. Heslep, Esq.

[2] The instant claim appears to have been held compensable for low back strain/sprain, left shoulder sprain/strain, and possibly carpal tunnel syndrome. However, no claim administrator order(s) regarding compensable condition(s) have been submitted by either party, nor does the record otherwise make clear the compensable condition(s) in the instant claim.

M.D. Dr. Christiano reviewed the January 19, 2022, MRI of Mr. Jurak's lumbar spine and assessed lumbar spinal stenosis and intervertebral disc disorder. Dr. Christiano recommended a referral to a pain clinic.

On May 19, 2022, Mr. Jurak was evaluated by Joseph Grady, M.D. Mr. Jurak reported discomfort in the left shoulder and lower back with radiation into the left lower extremity. Mr. Jurak further reported that he went to a pain clinic in April 2022 and discussed the possibility of injections in his lower back. Dr. Grady assessed left shoulder myofascial pain, left carpal tunnel syndrome, and a lumbosacral sprain superimposed upon preexisting congenital abnormality with congenitally short pedicles as well as diffuse degenerative lumbar spondylosis. Dr. Grady recommended trigger point injections of the lumbosacral area, but he declined to recommend any other invasive treatment. The claim administrator issued an order dated May 23, 2022, which granted authorization for lumbosacral trigger point injections. The claim administrator issued an order dated October 3, 2022, denying authorization for bilateral SI joint injections based on Dr. Grady's report. Mr. Jurak protested this order.

Mr. Jurak was seen by Joyell Johnston-Bishop, FNP, on November 21, 2022. Mr. Jurak complained of right low back pain radiating to the right lower extremity. It was reported that Mr. Jurak received SI joint injections ordered by the pain management clinic, and the SI injections only helped for about 24 hours.

On December 27, 2023, the Board affirmed the claim administrator's order. The Board found that the evidence establishes that the requested bilateral SI joint injections are not medically related and reasonably required treatment for the compensable injury. Mr. Jurak now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or

2

(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Mr. Jurak argues that his treating physician recommended SI joint injections for his continuing symptoms. Mr. Jurak further argues that trigger point injections were authorized by the claim administrator, thus, SI joint injections should be authorized because the two treatments are similar and treat similar conditions. We disagree.

Here, the Board determined that Mr. Jurak failed to establish with medical evidence that the requested bilateral SI joint injections are medically related and reasonably required treatment for the compensable injury. The Board noted that Mr. Jurak failed to submit any medical records indicating that SI joint injections were requested for the compensable injury.

Upon review, we find no merit in Mr. Jurak's argument that SI joint injections should be authorized because trigger point injections were authorized by the claim administrator and the two treatments are similar and treat similar conditions, as Mr. Jurak has offered no medical evidence or legal support for this assertion. Further, when considering the fact that Mr. Jurak has failed to establish what the compensable conditions in the instant claim are, we cannot conclude that the Board was clearly wrong in determining that he has also failed to establish that the requested SI injections are medically related and reasonably required treatment for the compensable conditions.

Accordingly, we affirm the Board's December 27, 2023, order.

Affirmed.

**ISSUED:** July 1, 2024

**CONCURRED IN BY:**

Judge Charles O. Lorensen
Judge Daniel W. Greear

Chief Judge Thomas E. Scarr, not participating

3